

DLA Piper **LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Collleen Carey Gulliver
Colleen.Gulliver@us.dlapiper.com
T   212.335.4737
F   917.778.8037

August 3, 2020

**BY ECF**
The Honorable Margo K. Brodie
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Lamonakis v. Blue Diamond Growers*, Case No. 1:20-cv-01347 (E.D.N.Y.)

Dear Judge Brodie:

Blue Diamond Growers ("BDG") writes pursuant to Your Honor's Individual Rules to identify numerous deficiencies in the plaintiff's Complaint that require dismissal of the Complaint in its entirety.  BDG sells a blend of almondmilk and coconutmilk under the Almond Breeze brand in three varieties, one of which is labeled as having a vanilla taste (the "Product").  (Compl. ¶¶ 1, 3).  The plaintiff's claims rest on the defective premise that the Product's front panel statement "Vanilla with other natural flavors" is misleading.  (*See* Compl. ¶ 4).  It is not.

***The plaintiff cannot enforce the FDCA.***  The plaintiff argues that the Product label does not comply with her interpretation of regulations promulgated under the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* ("FDCA").  (*See, e.g.*, Compl. ¶¶ 43-51; 60-76; ¶ 4 ("The... representations as 'Vanilla' is … misleading because the Product contains non-vanilla flavors… yet these flavors are not disclosed to consumers as required….")).  The plaintiff, however, cannot "privately enforce alleged violations of the FDCA," because "no such private right of action exists."  *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997); *see also Steele v. Wegmans Food Mkts., Inc.*, 2020 WL 3975461, at *1-2 (S.D.N.Y. July 14, 2020) (same; dismissing claims that vanilla labeling of Wegmans "Vanilla Ice Cream" was misleading).  Because "[t]he FDCA lacks a private right of action … [the plaintiff] cannot rely on it for purposes of asserting a state-law consumer claim under [the New York General Business Law ("GBL")] § 349."  *Verzani v. Costco Wholesale Corp.*, 2010 WL 3911499, at *3 (S.D.N.Y. Sept. 28, 2010), *aff'd*, 432 F. App'x 29 (2d Cir. 2011).

***The plaintiff has not plausibly pled that the label is misleading.***  To demonstrate that conduct is materially misleading, a plaintiff must establish that "a reasonable consumer acting reasonably" would be misled.  *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015).  Here, no reasonable consumer would read the flavor indicator "vanilla with other natural flavors" and conclude that the vanilla taste necessarily derives exclusively from vanilla beans, without the addition of non-vanilla flavors.  Quite the contrary, they would simply expect what they actually received: a beverage that has a vanilla taste.  *See, e.g.*, *Wegmans*, 2020 WL 3975461 at *2-3



("What is misrepresented? The ice cream is vanilla flavored.") A reasonable consumer would not have detailed knowledge of the FDA's flavor labeling regulations and related regulatory correspondence and interpret them as the plaintiff has here. *See N.A. Olive Oil Ass'n v. Kangadis Food Inc.*, 962 F. Supp. 2d 514, 519-21 (S.D.N.Y. 2013) (plaintiffs have not demonstrated "the perceptions of ordinary consumers align with [the] labeling standards …"); *see also Wegmans*, 2020 WL 3975461, at *2 (finding the plaintiffs' discussion of FDA regulations to be "without consequence" because the issue was "not conformity with this or that standard (which is left to the authorities to regulate) but whether the marketing presentation was deceptive"). And, any such sophisticated consumer could easily look at the front label disclosure that the vanilla taste comes from "vanilla with other natural flavors." (Compl. ¶ 3; *see also id.* ¶ 49 (admitting "natural flavor" "is consistent with an ingredient which contains some vanilla and some non-vanilla flavor")).

Even if a reasonable consumer could be materially misled (and she cannot), the plaintiff offers no factual support for her entirely speculative conclusion that vanillin must be present. (*Id.* ¶¶ 58, 60, 70). In the absence of such factual support, the plaintiff has no basis for asserting that the "vanilla with other natural flavors" statement is misleading, and her GBL, fraud, negligent misrepresentation, and breach of express warranty claims must be dismissed. *See Sarr v. BEF Foods, Inc.*, 2020 WL 729883, at *11 (E.D.N.Y. Feb. 13, 2020) (dismissing claim; rejecting speculative argument that "natural flavor" "derives from … a margarine ingredient"); *Kennedy v. Mondelez Global LLC*, 2020 WL 4006197, at *9-13 (E.D.N.Y. July 10, 2020) (dismissing claims after rejecting argument that "graham cracker" was misleading because it suggested the product contained predominantly graham flour); *Zaback v. Kellogg Sales Co.*, 2020 WL 3414656, at *3 (S.D. Cal. June 22, 2020) (dismissing claims where plaintiff failed to sufficiently allege vanilla flavor in granola was not derived exclusively from vanilla beans); *Reyes v. Crystal Farms Refrig. Distrib. Co.*, 2019 WL 3409883, at *3-5 (E.D.N.Y. July 26, 2019) (dismissing claims).

***The plaintiff fails to allege an injury.*** The plaintiff cannot rely upon a price premium theory to create a cognizable injury because she fails to allege when she made her purchases, where she made her purchases, or the *specific price she paid*.[1] *Compare* Compl. ¶ 95 *with Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (dismissing claim where the plaintiff "provide[d] no facts regarding … what price he paid for the products …").

***The plaintiff lacks standing.*** The "'irreducible constitutional minimum' of standing" requires a plaintiff to plead a "'concrete and particularized [injury]… fairly traceable to the challenged conduct of the defendant.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016) (quotation omitted). As set forth above, the plaintiff here has not pled a concrete and particularized injury. She also lacks standing for injunctive relief because she fails to allege any risk of future harm. *See Chang v. Fage USA Dairy Indus., Inc.*, 2016 WL 5415678, at *5 (E.D.N.Y. Sept. 28, 2016) (Brodie, J.) (dismissing claim). Therefore, the plaintiff lacks standing.

***The plaintiff fails to state a claim for fraud.*** First, as discussed above, there is no materially misleading statement. Second, the plaintiff's allegation that BDG failed to accurately identify the Products despite allegedly knowing that the vanilla taste comes mainly from a non-

---

[1] The plaintiff must allege an injury to state all of her claims except for unjust enrichment.



The Honorable Margo K. Brodie
August 3, 2020
Page Three

vanilla flavor (Compl. ¶ 128), is conclusory and insufficient to demonstrate fraudulent intent. *See Davis v. Hain Celestial Grp.*, *Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018) (dismissing claim; "[t]he simple knowledge that a statement is false is not sufficient to establish fraudulent intent."). Third, the plaintiff has not pled fraud with the requisite specificity under Rule 9(b). *Izquierdo v. Mondelez Int'l., Inc.*, 2016 WL 6459832, at *9 (S.D.N.Y. Oct. 26, 2016) (dismissing fraud claim).

***The negligent misrepresentation claim fails.*** First, the plaintiff has not pled that "the defendant owed [her] a duty of care due to a special relationship." *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 677 (E.D.N.Y. 2017) (internal citation omitted) (dismissing complaint). She claims that BDG owed her a duty because it holds "itself out as having special knowledge… in the production, service and/or sale of the product" (Compl. ¶ 114), but "if this alone were sufficient, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case." *Stolz v. Fage Dairy Processing Indus.*, 2015 WL 5579872, at *25 (E.D.N.Y. Sept. 22, 2015) (Brodie, J.). Second, the economic loss doctrine bars the claim. *See, e.g.*, *F.D.I.C. v. Murex LLC*, 2018 WL 2694431, at *8 (S.D.N.Y. June 5, 2018). Third, the allegations are insufficient to meet Rule 9(b). *See Stolz*, 2015 WL 5579872, at *24.

***The breach of warranty and MMWA claims fail.*** First, the plaintiff has not alleged privity, as she does not allege where she bought the product. *See Ebin v. Kangadis Food, Inc.*, 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013) (dismissing express warranty claim); *Reyes*, 2019 WL 3409883, at *5 (dismissing implied warranty claim). Second, as there was no misstatement, the plaintiff cannot allege an affirmation or promise that was false. *Reyes*, 2019 WL 3409883, at *5. Third, the breach of implied warranty claim fails because there is no allegation that the Product was unfit for human consumption. *Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015) (dismissing implied warranty claim). Finally, the MMWA claim fails because the plaintiff: (a) does not have a viable claim for breach of warranty under state law (*Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015) (the plaintiff must "adequately plead… breach of written or implied warranty under state law")); (b) did not give BDG an opportunity to cure the defect, which is a condition precedent to proceeding with a putative class action (15 U.S.C. § 2310(e)); and (c) has not pled that BDG provided a written warranty promising that the product "[wa]s defect free or w[ould] meet a specified level of performance." *Sarr*, 2020 WL 729883, at *8-9 (dismissing claim); *see also Chen v. Dunkin' Brands, Inc.*, 2018 WL 9346682, at *6 (E.D.N.Y. Sept. 17, 2018), *aff'd*, 954 F.3d 492 (2d Cir. 2020) (dismissing claim; "Angus steak" product description did not constitute written warranty).

***The unjust enrichment claim must be dismissed.*** An unjust enrichment claim must be dismissed where the plaintiff "fail[s] to explain how the… claim is not merely duplicative of [the] other causes of action." *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 194 (S.D.N.Y. 2016) (internal quotation marks and citation omitted). Here, the plaintiff's unjust enrichment claim is duplicative, as it rests on the same allegations purportedly supporting her other claims. The claim also fails because the plaintiff has not set forth a "specific and direct" benefit the defendant received at plaintiff's expense. *Simon v. Keyspan Corp.*, 785 F. Supp. 2d 120, 140 n. 143 (S.D.N.Y. 2011), *aff'd*, 694 F.3d 196 (2d Cir. 2012); *see, e.g.*, Compl. ¶ 131 ("Defendant obtained benefits and monies because the Products were not as represented and expected….")).



The Honorable Margo K. Brodie  
August 3, 2020  
Page Four

                Respectfully submitted,

                */s/ Colleen Carey Gulliver*  
                Colleen Carey Gulliver

cc: All counsel of record (by ECF)